# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1081V

| | |
|---|---|
| BRITNEY VAUGHN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: July 12, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*John Robert Howie, Howie Law, PC, Dallas, TX*, for Petitioner.

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON DAMAGES[1]

On July 14, 2023, Britney Vaughn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination which she received on January 11, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 3, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 12, 2024, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, I award the following compensation:

**A. A lump sum of $62,500.00 (for pain and suffering) in the form of a check payable to Petitioner.**

**B. A lump sum payment of $3,532.80, representing compensation for satisfaction of the State of Virginia Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **Department of Medical Assistance Services**
> **Accounts Receivable Unit, TPLC, 8th Floor**
> **600 E. Broad Street**
> **Richmond, VA 23219**
> **RE: Invoice #251805**

**Petitioner agrees to endorse the check to the Department of Medical Assistance Services for satisfaction of the Medicaid lien.**

Proffer at 2. These amounts represent compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| **BRITNEY VAUGHN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 23-1081V |
| v. ) | Chief Special Master Corcoran (SPU) |
| ) | ECF |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** ) | |
| ) | |
| Respondent. ) | |

**PROFFER ON AWARD OF COMPENSATION**

On April 29, 2024, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. ECF No. 17. Accordingly, on May 3, 2024, the Chief Special Master issued a Ruling on Entitlement. ECF No. 20.

**I.   Compensation for Vaccine Injury-Related Items**

   A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$62,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

   B. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Virginia Medicaid lien in the amount of **$3,532.80**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Virginia may have against any individual as a result of any Medicaid payments the State of Virginia has made to or on

behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about January 11, 2022, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A.  A lump sum payment of **$62,500.00** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$3,532.80**, representing compensation for satisfaction of the State of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:

> Department of Medical Assistance Services
> Accounts Receivable Unit, TPLC, 8th Floor
> 600 E. Broad Street
> Richmond, VA 23219
> RE: Invoice #251805

Petitioner agrees to endorse the check to the Department of Medical Assistance Services for satisfaction of the Medicaid lien.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                                      C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*s/ Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 307-1815
Email: Kimberly.Davey@usdoj.gov

DATED: July 12, 2024